United States District Court
Southern District of Texas
**ENTERED**
March 20, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **ANDYS HERRERA SOLANO,** | § | |
| Petitioner, | § | |
| | § | |
| **V.** | § | CIVIL ACTION NO. 5:26-CV-00441 |
| | § | |
| **MIGUEL VERGARA,** *et al.,* | § | |
| Respondents. | § | |

**ORDER**

Before the Court is Andys Herrera Solano's Petition for Writ of Habeas Corpus, (Dkt. No. 1). Petitioner challenges his continued detention in federal immigration custody. Petitioner is represented by counsel.

The Rules Governing Section 2254 Cases may be applied to petitions for a writ of habeas corpus brought under Section 2241. Rules Governing Section 2254 Cases R. 1(b). The Rules provide that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." R. 4.

According to the petition, Petitioner is a citizen of Cuba. (Dkt. No. 1 at 3).[1] He has been detained at the Rio Grande Processing Center in Laredo, Texas since November 6, 2025. (*Id.*). The petition represents that "respondents h ave failed to effectuate Petitioner's removal or to articulate any concrete, realistic plan for doing so in the reasonably foreseeable future." (*Id.* at 2). Further, the Petition represents that since the final order has been issued, "DHS has continued to detain Petitioner without providing any individualized post-order custody determination, meaningful procedural review, or explanation as to why continued confinement is necessary." (*Id.*).

However, the framework Petitioner relies on to assert his claims is unclear. 8 U.S.C. § 1231 governs the detention, removal, and release of noncitizens ordered removed. This statute mandates the detention of noncitizens ordered removed during the

---

[1] When citing to the page numbers of any document in the record, the Court will cite to the page numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

"removal period." *Id.* § 1231(a)(2)(A). Generally, the removal period begins when the order of removal becomes administratively final. Relevant regulations provide that:

> An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final:
> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
> (b) Upon waiver of appeal by the respondent;
> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
> (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal;
> (e) If an immigration judge orders an alien removed in the alien's absence, immediately upon entry of such order; or
> (f) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary departure bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1.

Here, the Petition indicates that 8 U.S.C. § 1231 is the statutory basis for relief but also raises other claims for relief. Further, the Petition does not provide evidence that the order of removal is administratively final or that an appeal of the order of removal is finalized. As such, the Court now **ORDERS** Petitioner, through counsel, to submit supplemental briefing on the issues below by **March 27, 2025**:

1. The specific statutory basis and relevant case precedent upon which the Petitioner requests relief.

2. A copy of the Immigration Judge's final order of removal.

3. Whether an appeal of the Immigration Judge's order of removal has been filed, and if so, the status of such appeal.

It is so **ORDERED**.

**SIGNED** on March 20, 2026.

John A. Kazen
United States District Judge

2 / 2